NO. 07-11-00118-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 13, 2011

IN RE ROLAND BOSWELL, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Roland Boswell, has filed a "Writ of Mandamus" requesting this Court to order the 320th District Court of Potter County, Texas, to dismiss with prejudice a pending criminal indictment in cause number 54,144-D due to the State's alleged failure to timely prosecute. We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus[2] filed in this Court. Boswell has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Boswell does not identify any of

---

[1] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule ___."

[2] While Boswell's filing is denominated to be a writ of mandamus, we construe it to be a petition requesting this Court to issue a writ of mandamus.

the parties against whom he seeks mandamus relief. In fact, the only identification of the respondent comes from an identification of the trial court and the cause number on motions appended to the petition for writ of mandamus. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Boswell's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Boswell's petition includes no index of authorities.[3] Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Boswell's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Boswell's petition does not include a statement regarding the basis of this Court's jurisdiction. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Boswell's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Boswell's petition essentially includes little more than a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Boswell's petition includes no citations to legal authority of any kind, and certainly does not

---

[3] However, we note that Boswell's petition cites no authority, so there is no authority to include in an index of authorities.

identify legal authority authorizing the extraordinary relief sought by Boswell. Rule 52.3(j) requires the person filing the petition to certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Boswell did not certify his petition. As each of these items are required in a petition for writ of mandamus and Boswell has failed to comply with these requirements, we may not grant the relief that he requests. Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Boswell's petition does not include a certification that a copy of the petition was served on the respondent or any other party to this original proceeding.[4]

As Boswell's petition for writ of mandamus does not comply with the requisites for mandamus relief, we must deny the petition.

                                        Mackey K. Hancock
                                        Justice

---

[4] As Boswell failed to include a complete list of all parties and the names and addresses of all counsel in his petition, we are uncertain who the proper parties to this original proceeding might be.